UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Raphael Mendez,

            Plaintiff,

  vs.                        REPORT AND RECOMMENDATION

FMC Rochester, Minnesota,
Mrs. Hammel, Cammissary
Accountant, and Marty
Anderson, Warden,

           Defendants.      Civ. No. 07-2609 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff is a civilly committed Federal detainee, who is currently confined at the Federal Medical Center, in Rochester, Minnesota ("FMC-Rochester"). He is presently attempting to sue two FMC-Rochester employees -- (1) Mrs. Hammel, who is identified as a "Cammissary Acountant," and (2) Marty Anderson, the prison warden -- as well as FMC-Rochester.

In the first sentence of his Complaint, the Plaintiff explicitly asserts that Federal Subject Matter Jurisdiction in this action is "founded on diversity of citizenship and amount." However, the rest of the Complaint is much more difficult to decipher. The Plaintiff alleges that he paid a separate $255.00 filing fee for each of two prior Federal Court actions that he filed outside of this District. The Plaintiff claims that, although those two (2) fee payments were supposed to be returned to him, he never received them, and apparently, he believes that the Defendants have prevented him from receiving those fee payments. The Plaintiff is seeking a judgment "for the sum of the two checks," which would be a total of $510.00, together with "interest" and "costs."

III. Discussion

Rule 12(h)(3), Federal Rules of Civil Procedure, requires that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991); see also, Riley v. United States, --- F.3d ---, 2007 WL 1437500 at *1 (8th Cir., May 17, 2007); Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005).

Here, the Plaintiff has expressly stated that "jurisdiction is founded on diversity and amount." We read that as a clear assertion that the purported jurisdictional basis for this lawsuit is the Diversity of Citizenship Statute, Title 28 U.S.C. §1332(a), which provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States * * *.

Title 28 U.S.C. §1332(a).

The Court will assume, for present purposes only, that there is complete diversity of citizenship between the Plaintiff and all of the Defendants in this case, as the Plaintiff has alleged in his Complaint. However, even with the benefit of that assumption, it

is readily apparent that Subject Matter Jurisdiction cannot be predicated on the Diversity of Citizenship Statute, because the "amount in controversy" component of the statute is not satisfied.

The present Complaint expressly states that the Plaintiff is seeking a Judgment that will compensate him for the two (2) fee payments, each in the amount of $255.00, which totals the sum of $510.00.  We do not consider the Plaintiff's claims for "interest" and "costs," as they are explicitly excluded from consideration by Section 1332(a) and, even if we did, the amount in controversy in this case would still not rise to the level of $75,000.00 as required by the Statute.  The factual allegations in the Complaint, even if wholly provable, could not possibly support a Judgment in the Plaintiff's favor that would exceed the $75,000.00 jurisdictional threshold. Therefore, we find that Federal jurisdiction can**not** exist under the Diversity of Citizenship Statute.  See, OnePoint Solutions, LLC v. Borchert, --- F.3d ---, 2007 WL 1374744 at *3 (8th Cir., May 11, 2007), citing Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)(Federal Courts should refuse to entertain diversity cases where it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount'"), quoting, in turn, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Even though the Plaintiff has plainly declared that Subject Matter Jurisdiction in this case is grounded upon the Diversity of Citizenship Statute, the Court, with recognition of the Plaintiff's pro se status, has considered whether Subject Matter Jurisdiction could be grounded on the alternative jurisdictional statute, namely the Federal Question Statute. See, Title 28 U.S.C. §1331. This possibility is suggested by an unexplained reference to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), which is found in the caption of the Complaint. "In Bivens * * *, the Supreme Court recognized in the Constitution and the general federal question jurisdictional statute, 28 U.S.C. §1331, an inherent cause of action for damages against federal actors for violations of federal constitutional rights." Duffy v. Wolle, 123 F.3d 1026, 1033 (8th Cir. 1997), cert. denied, 523 U.S. 1137 (1998).

As the "Federal analog" to a Section 1983 claim, see, Williams v. City of Carl Junction, Mo., 480 F.3d 871, 875 n. 2 (8th Cir. 2007), citing Hartman v. Moore, 547 U.S. 250, ---, 126 S.Ct. 1695, 1700 n. 2 (2006), in order to state a cause of action under Bivens, the Plaintiff must allege facts which are sufficient to show that the named defendants violated his constitutional rights while acting under color of Federal law. See, Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2006), cert. denied, --- U.S. ---, 126 S. Ct. 2902 (2006)(Section 1983)(to state an actionable Bivens claim,

a plaintiff must show "(1) [a] violation of a constitutional right, (2) committed by a [Federal] actor, (3) who acted with the requisite culpability and causation to violate the constitutional right."), quoting Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003)(Section 1983), quoting, in turn, Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001)(Section 1983). Thus, if the Plaintiff had alleged a violation of his Federal constitutional rights, he could seek relief under Bivens, and Federal Subject Matter Jurisdiction could exist under the Federal Question Statute.

Here, the Complaint fails to state a viable cause of action, under Bivens, because the Complaint itself includes no reference to the Constitution, or to any constitutional principle. More importantly, there are no factual allegations in the Complaint which, if proven true, would establish that the Defendants violated the Plaintiff's constitutional rights.

Although the Complaint does not even mention any constitutional basis for the Plaintiff's current claims, we have, nevertheless, considered whether he might be able to advance a claim based on the Fifth Amendment's Due Process Clause -- i.e., that the Defendants deprived him of his property, the two (2) alleged filing fee payments, without affording him the protections of Due Process. We find, however, that even if the Plaintiff had alleged sufficient facts to show that the Defendants deprived him

of his fee payments, which he has not actually accomplished, he still could not bring a Bivens Due Process claim against them.

The Supreme Court has held that an individual cannot bring a civil rights action against a government official for taking his or her property without Due Process, if there is some other meaningful post-deprivation remedy available. See, Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also, Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 702 (8th Cir. 2004); Bausley v. Dugan, 110 Fed. Appx. 736, *1 (8th Cir. 2004)(unpublished opinion). Since the Plaintiff is detained in an institution operated by the Federal Bureau of Prisons ("BOP"), he could seek relief for his current property deprivation claims under the BOP's administrative remedy procedures, which are set forth at 28 C.F.R. §§542.10-19.[1] Thus, there is a post-deprivation remedy available to the Plaintiff. See, Cyrus v. United States, 2007 WL 81062 at *11 (M.D. Pa., January 8, 2007)("[T]he BOP Administrative remedies provide federal inmates with an adequate postdeprivation process for the return of their lost property, whether it was deliberately thrown away or negligently lost.").

---

[1] Even though the Plaintiff is, apparently, currently serving a prison sentence, he is plainly an inmate at a BOP facility, and therefore, the BOP administrative remedy procedures are available to him. See, 28 C.F.R. §542.10(b) ("This program applies to **all inmates** in institutions operated by the Bureau of Prisons").

Since the BOP's administrative remedy procedures provide the Plaintiff with an adequate post-deprivation remedy, he cannot bring a <u>Bivens</u> Due Process claim based upon the alleged deprivation of his filing fee payments. Therefore, the Plaintiff's obscure reference to <u>Bivens</u> is not sufficient to establish Federal Subject Matter Jurisdiction in this case.

We find that Federal Subject Matter Jurisdiction is missing in this case, and accordingly, we recommend that this action be summarily dismissed pursuant to Rule 12(h)(3), <u>Federal Rules of Civil Procedure</u>. Having determined that this case must be dismissed for lack of jurisdiction, we also recommend that the Plaintiff's IFP application be denied as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Complaint be summarily dismissed, without prejudice, for lack of Subject Matter Jurisdiction, pursuant to Rule 12(h)(3), <u>Federal Rules of Civil Procedure</u>.

    2.    That the Plaintiff's Application to Proceed Without Prepayment of Fees, [Docket No. 2], be denied as moot.

Dated: June 12, 2007                               *s/Raymond L. Erickson*
                                                                 Raymond L. Erickson
                                                                 CHIEF U.S. MAGISTRATE JUDGE

# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 29, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 29, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.